IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | **Crim. No. 22-387** |
| | : | |
| TERRANCE GREEN | : | |
| | : | |

## O R D E R

Terrance Green moves to dismiss his § 922(g)(1) charge, arguing that the statute is facially and as applied unconstitutional.  (Doc. No. 40); N.Y. State Rifle & Pistol Ass'n, Inc. v. Bruen, 142 S. Ct. 2111 (2022); Range v. Att'y Gen., 69 F.4th 96 (3d Cir. 2023) (en banc).  I will deny his Motion.

## FACTUAL BACKGROUND

On September 19, 2022, police arrested Green, then on parole, at his residence.  (Doc. Nos. 1, 40, 46.)  The officers retrieved a duffel bag containing fentanyl and cocaine, a black Smith & Wesson 9 mm semi-automatic pistol, and twelve rounds of ammunition. (Docs. No. 40, 46.)  The grand jury charged Green with possession with intent to distribute cocaine and fentanyl, possession of a firearm in furtherance of a drug trafficking crime, and possession of a firearm by a felon. (Doc. No. 1.)

The Government alleges that Green has at least five controlled substance convictions, as well as state court convictions for aggravated assault, possession of a firearm with a manufacturer number altered, carrying a firearm without a license, and unlawful firearm possession.  (Doc. No. 46.)

1

**LEGAL STANDARD**

I must first determine whether "the Second Amendment's plain text covers an individual's conduct." Bruen, 142 S. Ct. at 2126.  I then determine whether "the regulation is consistent with this Nation's historical tradition of firearm regulation." Id.

Section 922(g)(1) prohibits persons convicted of "a crime punishable by imprisonment of a term exceeding one year" from possessing any "firearm or ammunition which has been shipped or transported in interstate or foreign commerce."  The en banc Third Circuit in Range held § 922(g)(1) unconstitutional as applied to Bryan Range based on his prior guilty plea to one count of making false statements to obtain food stamps—a conviction that was then classified as a misdemeanor punishable by up to five years' imprisonment.  69 F.4th at 98-99.  In applying Bruen, the Court first held that the Second Amendment protects Range and his conduct.  Id. at 102.  At the second step, the Court held that the Government had "not shown that the Nation's historical tradition of firearm regulation supports depriving Range of his Second Amendment right to possess firearms." Id. at 106.

**DISCUSSION**

A.  As Applied Challenge

On Bruen's first prong, the Government concedes that Green is "one of the people" protected by the Second Amendment but contends that the Second Amendment does not apply to Green's "proposed conduct."  (Doc. No. 46 at 11); see Range, 69 F.4th at 101 (The "people" "unambiguously refers to all members of the political community" (quoting District of Columbia v. Heller, 554 U.S. 570, 580 (2008))).  I need not address this issue, however, because the Government has met its burden on Bruen's second prong to show that § 922(g)(1) is "consistent

with the Nation's historical tradition of firearm regulation." See United States v. Ames, 2023 WL 5538073, at *2 (E.D. Pa. Aug. 28, 2023) ("The Court need not resolve whether Ames' conduct is covered by the plan text of the Second Amendment, because, even if his conduct is covered, the Government has affirmatively shown that 18 U.S.C. § 922(g)(1) is part of the historical tradition that delimits the outer bounds of the right to keep and bear arms."); United States v. Blackshear, 2023 WL 5985284 (E.D. Pa. Sept. 14, 2023) (same).

"Historical tradition can be established by analogical reasoning, which 'requires only that the government identify a well-established and representative historical analogue, not a historical twin.'" Range, 69 F.4th at 103 (quoting Bruen, 142 S. Ct. at 2133).  Regulations targeting longstanding problems must be "distinctly similar" to an historical analogue, but "'modern regulations that were unimaginable at the founding' need only be 'relevantly similar' to one." Id. (quoting Bruen, 142 S. Ct. at 2132).  The question is "whether modern and historical regulations impose a comparable burden on the right of armed self-defense and whether that burden is comparably justified." Bruen at 142 S. Ct. 2133.

The Supreme Court has already recognized that § 922(g)(1) is presumptively lawful. Heller, 554 U.S. at 626-27 n.26 ("[N]othing in our opinion should be taken to cast doubt on the longstanding prohibitions on the possession of firearms by felons" as such a prohibition is "presumptively lawful."); Bruen, 142 S. Ct. 2157 (Alito, J., concurring) (Bruen does not "disturb[ ] anything that [the Court] said in Heller . . . about restrictions that may be imposed on the possession or carrying of guns"); see also id. at 2162 (Kavanaugh, J., concurring) ("[T]he Second Amendment allows a 'variety' of gun regulations," and Bruen did not "cast doubt on longstanding prohibitions on the possession of firearms by felons.")   The "narrow" holding in Range did not displace this presumption, which accords with historical tradition.  Range, 69 F.4th at 109-10

(Ambro, J., concurring).

Even before the Second Amendment's ratification, firearm regulation disarmed individuals who "posed a potential danger" to society.  Id. at 109-10; id. at 111 ("From this perspective it makes sense that § 922(g)(1) is presumptively lawful."); id. at 120-28 (Krause, J., dissenting) (additional historical tradition).  Although Range pled guilty to a non-violent offense entirely unrelated to armament, Green has been convicted of drug trafficking and illegal gun possession, crimes that "demonstrate that, if armed, he poses a danger to society."  Blackshear, 2023 WL 5985284; see id. ("Drugs and guns are a 'dangerous combination' that increases the risk of violence." (quoting Smith v. United States, 508 U.S. 223, 240 (1993))); Joseph G.S. Greenlee, The Historical Justification for Prohibiting Dangerous Persons from Possessing Arms, 20 WYO. L. REV. 249 (2020).

B.  Facial Challenge

I will also reject Green's arguments that § 922(g)(1) is unconstitutional on its face, vague, and strays from the Commerce Clause's original meaning for the same reasons as this Court in Ames, 2023 WL 5538073, at *3.

"[A] party asserting a facial challenge 'must establish that no set of circumstances exists under which the Act would be valid."  United States v. Mitchell, 652 F.3d 387, 405 (3d Cir. 2011) (en banc) (quoting United States v. Salerno, 481 U.S. 739, 745 (1987)).  Green would need to show that § 922(g)(1) "is unconstitutional in all of its applications."  Id.; see Salerno, 481 U.S. at 745 ("The fact that [§ 922(g)(1) might operate unconstitutionally under some conceivable set of circumstances is insufficient to render it wholly invalid.").  Because Green cannot even show that § 922(g)(1) is unconstitutional as applied to him in this case, he does not satisfy his burden.

Green's second argument also fails.  A criminal statute is impermissibly vague only if it "fails to provide a person of ordinary intelligence fair notice of what is prohibited, or is so standardless that it authorizes or encourages seriously discriminatory enforcement." United States v. Williams, 553 U.S. 285, 304 (2008).  Section 922(g)(1) is neither standardless nor does it fail to provide fair notice of what is prohibited:  it clearly bars possession of a firearm by any person who has been convicted of a crime punishable by more than one year in prison.  See Blackshear, 2023 WL 5985284.  "[T]he mere fact that close cases can be envisioned [does not] render[] a statute vague" as "[c]lose cases can be imagined under virtually any statute." Williams, 553 U.S. at 306.

Green Commerce Clause argument also fails as foreclosed.  United States v. Singletary, 286 F.2d 196 (2001).

Accordingly, Green's arguments fail.

**AND NOW**, this 21th day of September, 2023, it is hereby **ORDERED** that Green's Motion to Dismiss Count Three of the Indictment is **DENIED**.

**AND IT IS SO ORDERED.**

*/s/ Paul S. Diamond*

Paul S. Diamond, J.